UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CV-00130-FL

| | | |
|---|---|---|
| VICTOR BROWN and<br>MARTHA BROWN, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | **ORDER** |
| v. | )<br>) | |
| NOVARTIS PHARMACEUTICALS<br>CORPORATION, | )<br>)<br>) | |
| Defendant. | ) | |

This matter is currently before the Court on (1) Plaintiffs' three Motions to Seal [DE-50, 64, & 73]; (2) Defendant's two Motions to Seal [DE-56 & 85]; and (3) Defendant's Motion to Strike [DE-76]. All six of these motions are currently ripe for review, and, accordingly, Judge Flanagan has referred them to the undersigned magistrate judge for disposition.[1]

### 1. Motions to Seal [DE-50, 56, 64, 73, & 85]

Before granting a motion to seal, courts must first give the public notice and a reasonable opportunity to challenge the motion and then examine the public's right to access in conformity with *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988). If a court finds that the public's right to access is outweighed by another significant interest, then the court must consider whether there are less drastic alternatives to sealing. *Id.* In furtherance of this directive from the Fourth Circuit, this Court has promulgated Local Rules and procedures related to the

---

[1] Also currently before the undersigned are Defendant's Motion to Apply New Jersey Law to the Issue of Punitive Damages [DE-47] and Defendant's two Motions to Exclude Testimony of Plaintiffs' Experts [DE-51 & 58]. These motions will be addressed by separate memorandum and recommendation.

1

filing of sealed material. *See* Local Civil Rule 79.2 and Elec. Case Filing Admin. Policies and Procedures Manual, § T(1)(a)1-7 (Rev. Jan. 25, 2010).

### a. Plaintiffs' first Motion to Seal [DE-50]

Plaintiffs' first motion to seal asks the Court to seal a proposed exhibit in support of their Memorandum in Opposition [DE-48] to Defendant's Motion to Apply New Jersey Law to the Issue of Punitive Damages [DE-46]: proposed Exhibit 5 [DE-49], which is a transcript of a videotape deposition conducted in 2010 in relation to a New Jersey Superior Court case. Defendant filed a Response [DE-61], in which it indicates that it agrees with Plaintiffs' request to seal the document and sets forth reasons for its position, in compliance with the Local Rules and procedures.

Plaintiffs' first motion to seal does not address how the request to seal overcomes the presumption to access or the reasons why alternatives to sealing are inadequate, as required by the Court's policies and procedures. *See* Elec. Case Filing Admin. Policies and Procedures Manual, § T(1)(a)1. However, it appears that Plaintiffs have filed this motion to seal because the document in question was designated as confidential by Defendant. "In the event that a filing party seeks to file materials that have been designated confidential by another party or individual, the filing party shall provisionally file the materials under seal in accordance with Local Civil Rule 79.2 and Local Criminal Rule 55.2, with notice served on the party or individual who desires to maintain the materials under seal." Elec. Case Filing Admin. Policies and Procedures Manual, § T(1)(a)6. Though Plaintiffs have not technically complied with this directive, Defendant's response to this motion to seal does address the relevant issues, and, accordingly, the Court has treated Plaintiffs' motion and Defendant's response together as constituting support for the motion to seal.

2

The Court finds that proposed Exhibit 5 contains confidential and proprietary information which could be harmful to Defendant if revealed to the marketplace. This risk of harm outweighs any public right to access and the alternatives to sealing are inadequate. Accordingly, for the reasons set forth in Defendant's response to Plaintiffs' motion to seal, the Court finds good cause to **GRANT** Plaintiffs' first Motion to Seal [DE-50] in its entirety.

### b. Defendant's first Motion to Seal [DE-56]

Defendant's first motion to seal asks the Court to seal three proposed exhibits in support of the Memorandum in Support [DE-52] of its Motion to Exclude Testimony of Plaintiffs' Expert Dr. Suzanne Parisian [DE-51]: (1) proposed Exhibit 11 [DE-53], which is the expert report of Dr. Parisian; (2) proposed Exhibit 16 [DE-54], which is the rebuttal report of Dr. Parisian; and (3) proposed Exhibit 23 [DE-55], which is a table regarding certain opinions of Dr. Parisian. Defendant filed an appropriate Memorandum in Support [DE-57] in support of the motion to seal. Plaintiffs did not file a response, but have represented to the Court that they do not oppose the documents being sealed.

The Court finds that proposed Exhibits 11, 16, and 23 contain confidential and proprietary information which could be harmful to Defendant if revealed to the marketplace. This risk of harm outweighs any public right to access and the alternatives to sealing are inadequate. Accordingly, for the reasons set forth in Defendant's memorandum in support, the Court finds good cause to **GRANT** Defendant's first Motion to Seal [DE-56] in its entirety.

### c. Plaintiffs' second Motion to Seal [DE-64]

Plaintiffs' second motion to seal asks the Court to seal two documents: (1) their Memorandum in Opposition [DE-63] to Defendant's Motion to Exclude Plaintiffs' Expert Dr. Suzanne Parisian [DE-51]; and (2) proposed Exhibit 18 [DE-63-18] to that same memorandum,

3

which is the minutes from a meeting of Defendant's advisory board. Defendant filed a Response [DE-83], in which it indicates that it agrees with Plaintiffs' request to seal proposed Exhibit 18, but that it does not believe that Plaintiffs' memorandum in opposition should be sealed. In its response, Defendant sets forth the reasons for its position, in compliance with the Local Rules and procedures.

Plaintiffs' second motion to seal, like their first, does not address how the request to seal overcomes the right to access or the reasons why alternatives to sealing are inadequate, as required by the Court's policies and procedures. However, it once again appears that Plaintiffs have filed this motion to seal because the documents in question were designated as confidential by Defendant and/or reference such documents. Though Plaintiffs have once again not technically complied with the relevant Local Rule, Defendant's response to this motion to seal does again address the relevant issues, and, accordingly, the Court has treated Plaintiffs' motion and Defendant's response together as constituting support for the motion to seal.

The Court finds that proposed Exhibit 18 contains confidential and proprietary information which could be harmful to Defendant if revealed to the marketplace. This risk of harm outweighs any public right to access and the alternatives to sealing are inadequate. Accordingly, for the reasons set forth in Defendant's response to Plaintiffs' motion to seal, the Court finds good cause to grant Plaintiffs' second motion to seal as to proposed Exhibit 18. However, because Defendant, the party that designated the materials referred to in Plaintiffs' memorandum in opposition as confidential in the first place, does not request that the memorandum itself be sealed, the Court does *not* find good cause to grant Plaintiffs' second motion to seal as to Plaintiffs' memorandum in opposition.

Therefore, in sum, Plaintiffs' second Motion to Seal [DE-64] is **GRANTED IN PART**,

as to proposed Exhibit 18 [DE-63-18], and **DENIED IN PART**, as to Plaintiffs' memorandum in opposition to Defendant's motion to exclude testimony of Plaintiffs' expert Dr. Suzanne Parisian [DE-63].

### d. Plaintiffs' third Motion to Seal [DE-73]

Plaintiffs' third motion to seal asks the Court to seal seven proposed exhibits in support of their Memorandum in Opposition [DE-65] to Defendant's Motion to Exclude Plaintiffs' Expert Robert Marx D.D.S. [DE-58]: (1) proposed Exhibits 12, 13, 14, 16, and 18 [DE-67, 68, 69, 71, & 72], which discuss a meeting Defendant held to address recent reports of osteonecrosis in patients receiving biophosphonates; (2) proposed Exhibit 8 [DE-66], which is a summary of other cases related to Zometa and Aredia clinical trials; and (3) proposed Exhibit 15 [DE-70], which is an executive summary of a meeting of Defendant's advisory board. Defendant filed a Response [DE-84], in which it indicates that it agrees with Plaintiffs' request to seal proposed Exhibits 12, 13, 14, 16, and 18, but that it does not believe that proposed Exhibits 8 and 15 should be sealed. In its response, Defendant sets forth the reasons for its position, in compliance with the Local Rules and procedures.

Plaintiffs' third motion to seal, like their first and second, does not address how the request to seal overcomes the presumption to access or the reasons why alternatives to sealing are inadequate, as required by the Court's policies and procedures. However, it once again appears that Plaintiffs have filed this motion to seal because the documents in question were designated as confidential by Defendant. Though Plaintiffs have once again not technically complied with the relevant Local Rule, Defendant's response to this motion to seal does again address the relevant issues, and, accordingly, the Court has treated Plaintiffs' motion and Defendant's response together as constituting support for the motion to seal.

The Court finds that proposed Exhibits 12, 13, 14, 16, and 18 contain confidential and proprietary information which could be harmful to Defendant if revealed to the marketplace. This risk of harm outweighs any public right to access and the alternatives to sealing are inadequate. Accordingly, for the reasons set forth in Defendant's response to Plaintiffs' motion to seal, the Court finds good cause to grant Plaintiffs' third motion to seal as to proposed Exhibits 12, 13, 14, 16, and 18. However, because Defendant, the party that designated proposed Exhibits 8 and 15 confidential in the first place, does not request that they be sealed, the Court does *not* find good cause to grant Plaintiffs' motion to seal as to proposed Exhibits 8 and 15.

Therefore, in sum, Plaintiffs' third Motion to Seal [DE-73] is **GRANTED IN PART**, as to proposed Exhibits 12, 13, 14, 16, and 18 [DE-67, 68, 69, 71, & 72], and **DENIED IN PART**, as to proposed Exhibits 8 and 15 [DE-66 & 70].

### e. Defendant's second Motion to Seal [DE-85]

Defendant's second motion to seal asks the Court to seal an exhibit filed in support of Plaintiffs' Memorandum in Opposition [DE-63] to Defendant's Motion to Exclude Testimony of Plaintiffs' Expert Dr. Suzanne Parisian [DE-51]: Exhibit 19 [DE-63-19], which is the expert report of Janet B. Arrowsmith-Lowe. Defendant filed an appropriate Memorandum in Support [DE-86] in support of the motion. Plaintiffs did not file a response, but have represented to the Court that they do not oppose the documents being sealed.

The Court finds that Exhibit 19 contains or reflects confidential and proprietary information which could be harmful to Defendant if revealed to the marketplace. This risk of harm outweighs any public right to access and the alternatives to sealing are inadequate. Accordingly, for the reasons set forth in Defendant's memorandum in support, the Court finds good cause to **GRANT** Defendant's second Motion to Seal [DE-85] in its entirety.

## 2. Defendant's Motion to Strike [DE-76]

Defendant's motion to strike requested that a Notice of Supplemental Authority [DE-62] filed by Plaintiffs with regard to Defendant's Motion to Apply New Jersey Law to the Issue of Punitive Damages [DE-46] be stricken. Plaintiffs filed a Response [DE-78] to the motion to strike, in which they indicated that they had withdrawn the document in question. Accordingly, the issue appears to have been resolved, and Defendant's Motion to Strike [DE-76] is **DENIED AS MOOT**.

## CONCLUSION

For the foregoing reasons, the Court rules as follows: (1) Plaintiffs' first Motion to Seal [DE-50] is **GRANTED**; (2) Defendant's first Motion to Seal [DE-56] is **GRANTED**; (3) Plaintiffs' second Motion to Seal [DE-64] is **GRANTED IN PART** and **DENIED IN PART**; (4) Plaintiffs' third Motion to Seal [DE-73] is **GRANTED IN PART** and **DENIED IN PART**; (5) Defendant's Motion to Strike [DE-76] is **DENIED AS MOOT**; and (6) Defendant's second Motion to Seal [DE-85] is **GRANTED**.

As a result, the following documents shall be **SEALED**: (1) DE-49, proposed Exhibit 5 to Plaintiffs' memorandum in opposition to Defendant's motion to apply New Jersey law to the issue of punitive damages; (2) DE-53, proposed Exhibit 11 to Defendant's memorandum in support of its motion to exclude testimony of Plaintiffs' expert Dr. Suzanne Parisian; (3) DE-54, proposed Exhibit 16 to Defendant's memorandum in support of its motion to exclude testimony of Plaintiffs' expert Dr. Suzanne Parisian; (4) DE-55, proposed Exhibit 23 to Defendant's memorandum in support of its motion to exclude testimony of Plaintiffs' expert Dr. Suzanne Parisian; (5) DE-63-18, proposed Exhibit 18 to Plaintiffs' memorandum in opposition to Defendant's motion to exclude testimony of Plaintiffs' expert Dr. Suzanne Parisian; (6) DE-67,

proposed Exhibit 12 to Plaintiffs' memorandum in opposition to Defendant's Motion to Exclude Plaintiffs' Expert Robert Marx D.D.S.; (7) DE-68, proposed Exhibit 13 to Plaintiffs' memorandum in opposition to Defendant's Motion to Exclude Plaintiffs' Expert Robert Marx D.D.S.; (8) DE-69, proposed Exhibit 14 to Plaintiffs' memorandum in opposition to Defendant's Motion to Exclude Plaintiffs' Expert Robert Marx D.D.S.; (9) DE-71, proposed Exhibit 16 to Plaintiffs' memorandum in opposition to Defendant's Motion to Exclude Plaintiffs' Expert Robert Marx D.D.S.; (10) DE-72, proposed Exhibit 18 to Plaintiffs' memorandum in opposition to Defendant's Motion to Exclude Plaintiffs' Expert Robert Marx D.D.S.; and (11) DE-63-19, Exhibit 19 to Plaintiffs' memorandum in opposition to Defendant's motion to exclude testimony of Plaintiffs' expert Suzanne Parisian.

The following documents, currently provisionally sealed, shall be **UNSEALED**: (1) DE-48, Plaintiffs' memorandum in opposition to Defendant's motion to exclude testimony of Plaintiffs' expert Dr. Suzanne Parisian; (2) DE-66, proposed Exhibit 8 to Plaintiffs' memorandum in opposition to Defendant's Motion to Exclude Plaintiffs' Expert Robert Marx D.D.S.; and (3) DE-70, proposed Exhibit 15 to Plaintiffs' memorandum in opposition to Defendant's Motion to Exclude Plaintiffs' Expert Robert Marx D.D.S..

This the 29th day of November, 2011.

DAVID W. DANIEL
United States Magistrate Judge

8