IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:08-CV-130-FL

| | | |
|---|---|---|
| VICTOR BROWN, and<br>MARTHA BROWN, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| | ) | ORDER |
| v. | )<br>) | |
| NOVARTIS PHARMACEUTICALS<br>CORPORATION, | )<br>)<br>) | |
| Defendant. | ) | |

This matter comes before the court on several motions to seal, namely plaintiffs' motion to seal memorandum in support of their omnibus motion *in limine* (DE # 101), remaining portions of defendant's motion to seal certain exhibits to its motions *in limine* (DE # 132), and defendant's motion to seal certain exhibits to supplemental briefing (DE # 182). Having reviewed the motions and the filings sought sealed, the court orders as follows.

A.  Plaintiffs' Motion to Seal (DE # 101)

Plaintiffs move to seal their memorandum in support of their omnibus motion *in limine* and attached exhibits, where Exhibits 6 and 7 are excerpts from deposition transcripts of Rainer Boehm and David Epstein, respectively, and where plaintiffs quote from these depositions in their memorandum. Defendant, in response, urges that plaintiffs' memorandum and the relevant exhibits be sealed. Defendant maintains that the deposition testimony was properly designated as confidential under protective order issued by the Multi-District Litigation court. Further, defendant states that Dr. Epstein and Dr. Boehm gave testimony regarding the organization and business decision-making process of defendant's parent corporation, which is located in Switzerland and is

not a defendant in this case.

The court has previously ordered sealed other excerpts from the depositions of Drs. Epstein and Boehm, and it similarly finds here that Exhibits 6 and 7 contain confidential and proprietary information which could be harmful to defendant if revealed to the marketplace. The risk of harm outweighs any public right to access, and the alternatives to sealing are inadequate.

Accordingly, for the reasons set forth more particularly in defendant's response to plaintiffs' motion to seal, the court finds good cause to GRANT IN PART plaintiffs' motion to seal (DE # 101). The clerk of court is DIRECTED to maintain as sealed docket entries 100-6 and 100-7. The clerk further is DIRECTED to unseal those filings provisionally sealed at docket entries 100-1 through 100-5 and 100-8 through 100-9. Finally, the court GRANTS IN PART plaintiffs' request to seal their memorandum in support of their omnibus motion in limine. While the court upon its review finds that pages 6 through 9 of plaintiffs' memorandum discuss particularly the noted deposition excerpts, the court does not find cause to seal the entire document. Where the CM/ECF system does not have the capability to maintain specific pages of documents under seal, the clerk of court is DIRECTED to maintain plaintiffs' memorandum (DE # 100) under seal. However, plaintiffs shall file within fourteen (14) days of entry of this order a redacted version of their memorandum, redacting only those portions pertaining to the relevant deposition excerpts.

B.     Defendant's Motion to Seal (DE # 132)

Defendant moves to seal exhibits attached to various motions *in limine*, namely those documents lodged in the docket at entry numbers 125 through 131. By order entered July 27, 2012, the court granted the motion insofar as defendant moved to seal docket entries 125 and 127. In those portions of the motion to seal not yet decided, defendant seeks to seal the following:

- DE # 126: Maladorno e-mail to Renner, dated 4/30/2003;
- DE # 128: Linguri e-mail to Dunsire, dated 12/1/2003;
- DE # 129: Letter from Klein to Dunsire, dated 1/18/2004;
- DE # 130: Klein deposition excerpts, dated 8/2/2009; and
- DE # 131: Petraglia e-mail to Hei, dated 1/31/2005.

Where plaintiffs do not object to sealing these documents, and where these entries (like those previously ordered sealed) contain confidential and proprietary information which could be harmful to defendant if revealed to the marketplace, defendant's motion to seal these documents is GRANTED. The clerk of court is DIRECTED to seal docket entry numbers 126, 128, 129, 130, and 131.

C.  Defendant's Motion to Seal (DE # 182)

Defendant moves to seal certain exhibits attached to its omnibus memorandum of law (DE # 178) and its supplemental memorandum of law (DE # 179), which exhibits are excerpted from plaintiff Victor Brown's medical records. By order entered August 7, 2012, the court granted defendant's motion in part and directed the clerk to maintain under seal docket entries 179-4 through 179-7 and 179-12 through 179-14. For the reasons set forth in that order, the court now GRANTS the remaining portion of defendant's motion to seal and DIRECTS the clerk of court to maintain under seal docket entries 178-2 through 178-6.

SO ORDERED, this the 7th day of September, 2012.

LOUISE W. FLANAGAN
United States District Judge